MATTER OF MUSHARRAF

In Deportation Proceedings

A-20906714

*Decided by Board August 20, 1980*

(1) An alien admitted to the United States under section 101(a)(15)(J) of the Immigration and Nationality Act, 8 U.S.C. 1101(a)(15)(J) is not eligible to apply for an immigrant visa or permanent residence until he has resided and has been physically present in his country of nationality or last place of residence for two years following departure from the United States or has received a waiver of this 2-year residency requirement from the Attorney General.

(2) A "no objection" letter from the Embassy of Pakistan, the respondent's last place of residence, does not constitute a "waiver" within the meaning of section 212(e) of the Immigration and Nationality Act, 8 U.S.C. 1152(e).

(3) An alien who graduates from a medical school not accredited by a body approved for that purpose by the Commissioner of Education, and who is coming to this country to perform services as a member of the medical profession is excludable unless he has passed Parts I and II of the National Board of Medical Examiners Examination or its equivalent. Section 212(a)(32) of the Immigration and Nationality Act, 8 U.S.C. 1182(a)(32), added by the Act of October 12, 1976 (90 Stat. 2300-2303), amended by the Act of August 1, 1977 (91 Stat. 394), and effective January 10, 1977.

(4) An exchange visitor who filed an application for adjustment of status on August 7, 1976, while ineligible under section 212(e) of the Immigration and Nationality Act, 8 U.S.C. 1182(e), and who then came within the provisions of section 212(a)(32) of the Immigration and Nationality Act, 8 U.S.C. 1182(a)(32), is precluded from adjusting his status despite the subsequent grant of a waiver by the Service on June 14, 1977 of the 2-year residency requirement under section 212(e) of the Act.

CHARGE:
Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant—remained longer than permitted

ON BEHALF OF RESPONDENT:
Stanley J. Horn, Esquire
29 South La Salle Street
Chicago, Illinois 60603

ON BEHALF OF SERVICE:
Martin F. Spiegel, Esquire
Trial Attorney

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

This case is before us on appeal from the immigration judge's denial of a motion to reopen to apply for adjustment of status under section

245 of the Immigration and Nationality Act, 8 U.S.C. 1255. The appeal will be dismissed.

The respondent is a 33-year-old native of India and citizen of Pakistan. He entered this country on June 29, 1974, at New York as an exchange visitor and was authorized to remain until June 28, 1975. On June 14, 1976, an Order to Show Cause was issued charging the respondent with deportability under section 241(a)(2) of the Act, 8 U.S.C. 1251(a)(2), as an alien who remained longer than permitted. The respondent filed an adjustment application, Form I-485, on August 6, 1976, based upon an approved third-preference visa petition. At his deportation hearing on September 27, 1976, the respondent, through counsel, refrained from requesting a decision on the adjustment application and did not even ask that it be incorporated in the deportation hearing record. He reported that he was preparing to request that the State Department recommend that the 2-year foreign residence requirement of section 212(e) of the Act, 8 U.S.C. 1182(e) be waived, and he requested extended voluntary departure. He was found deportable as charged and was granted 60 days voluntary departure.

On February 4, 1977, the respondent moved to reopen the proceedings.[1] The motion was denied on April 1, 1977, on the ground that the respondent had failed to obtain a waiver of the 2-year residency requirement from the Attorney General. The immigration judge found that the "no objection" letter from the Embassy of Pakistan did not constitute a "waiver."

On February 15, 1977, the Service received a recommendation from the State Department that the respondent be granted a section 212(e) waiver. The Service granted the waiver on June 14, 1977. Although neither the State Department recommendation nor the Service waiver appears in the record, the Service concedes that both documents were issued.

The respondent again moved to reopen the proceedings on August 19, 1977. The immigration judge denied the motion on March 10, 1980. Although the respondent had received a waiver of the foreign residency requirement under section 212(e) of the Act, the immigration judge found that section 212(a)(32) of the Act barred his admission into the United States. The respondent was therefore ineligible to adjust his status. We agree.

On appeal, the respondent contends that all motions relate back to the date that he first filed his adjustment application. Since that date was August 6, 1976, 5 months before section 212(a)(32) became effec-

---

[1] While no formal "motion" appears in the record file, dated February 4, 1977, the respondent on appeal refers to his "motions," which include a February 4, 1977, motion and August 19, 1977, motion.

tive, the respondent claims that he was not required to meet its requirements.

Prior to June 14, 1977, the respondent's application for adjustment of status could not have been deemed properly filed. See 8 C.F.R. 245.2(a)(2). Section 245 of the Act provides that the status of an alien who was inspected and admitted into the United States may be adjusted by the Attorney General to an alien lawfully admitted for permanent residence if he is eligible to receive an immigrant visa and is admissible for permanent residence. In pertinent part, section 212(e) of the Act, provides that no person who was admitted under section 101(a)(15)(J) of the Act shall be eligible to apply for an immigrant visa or permanent residence until he has resided and has been physically present in his country of nationality or last place of residence for two years following departure from the United States *or* has received a waiver of this 2-year residency requirement from the Attorney General.

Section 212(a)(32) added by the Act of October 12, 1976 (90 Stat. 2300-2303) and amended by the Act of August 1, 1977 (91 Stat. 394), became effective January 10, 1977. As of January 10, 1977, an alien who graduated from a medical school not accredited by a body approved for that purpose by the Commissioner of Education and who is coming to this country to perform services as a member of the medical profession is excludable *unless* he has passed Parts I and II of the National Board of Medical Examiners Examination (or its equivalent).

At the time the respondent filed his adjustment application he was clearly ineligible to adjust his status inasmuch as he had failed to obtain a waiver of the residency requirement. Once he had received the waiver, he became eligible to apply for adjustment. On June 14, 1977, the date the respondent received a waiver and established his eligibility to apply for adjustment of status, section 212(a)(32) had gone into effect which excluded the respondent unless he could establish that he was exempt. The respondent has failed to establish that he was exempt. The respondent has failed to establish that he passed Parts I and II of the National Board of Medical Examiners Examination. The respondent is therefore ineligible to adjust his status. Accordingly, the appeal is dismissed.

**ORDER:** The appeal is dismissed.